NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 7 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANUEL EUGENE SHOTWELL, | No. 24-3459 |
| Plaintiff-Appellant, | |
| v. | MEMORANDUM* |
| | D.C. Case No. 3:15-cv-02894-WHA |
| CHAVEZ-EPPERSON; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted May 29, 2026**

Before: RAWLINSON, H.A. THOMAS, MENDOZA, JR., Circuit Judges.

California prisoner Manuel Eugene Shotwell (Shotwell) appeals pro se from

the district court's order granting summary judgment in favor of Salinas Valley

State Prison appeals coordinator Medina, mailroom supervisor Chavez-Epperson,

and correctional officers Garcia, Smith, and Florez (Defendants). "When the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

district court grants summary judgment for failure to exhaust remedies under the [Prison Litigation Reform Act (PLRA)], we review the district court's legal conclusions de novo, and its factual findings for clear error." *Jackson v. Fong*, 870 F.3d 928, 932 (9th Cir. 2017). We also review de novo "[w]hether a claim is barred by the statute of limitations." *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012) (citation omitted). Finally, we review the denial of a motion to appoint counsel for abuse of discretion. *See Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

On June 16, 2015, Shotwell filed his original complaint. On April 11, 2016, Shotwell filed his First Amended Complaint (FAC), asserting claims under 42 U.S.C. § 1983 for actions taken by Defendants between 2009 and 2012. The district court granted summary judgment in favor of Defendants, finding that "all of [Shotwell's] claims accrued more than four years prior to filing the operative [FAC] complaint and [were] therefore untimely." *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004) (noting that the statute of limitations for an action under 42 U.S.C. § 1983 is determined by "the statute of limitations for personal injury actions in the forum state," which is two years in California); *see also Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999), *as amended* (stating that "section 352.1 of the California Civil Procedure Code tolls the statute of limitations for two years" for "a prisoner incarcerated for a term less than life") (footnote reference

omitted). Thus, Shotwell had four years to file his action.

On appeal, we determined that "Medina processed some grievances after June 16, 2011, less than four years prior to Shotwell's filing of his original complaint," and that some of the mail interference and retaliation claims against Chavez-Epperson occurred "less than four years before the filing of the [FAC]." *Shotwell v. Chavez-Epperson*, No. 20-15018, 2021 WL 3579543, at *2 (9th Cir. August 13, 2021). We remanded for the district court to determine "whether any earlier alleged instances of grievance-processing" and "mail interference were part of a continuing violation or were discrete acts." *Id*.

**1.** In compliance with our mandate, the district court considered the "earlier alleged instances of grievance-processing," and "mail interference," *id*., and found that these instances were "independent discrete acts" rather than a "continuing violation." *See Bird v. Dept. of Human Serv.*, 935 F.3d 738, 747 (9th Cir. 2019) (per curiam) (explaining that "discrete acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges, because each discrete act starts a new clock for filing charges alleging that act") (citation, alterations, footnote reference, and internal quotation marks omitted). Thus, these claims were time-barred. *See id*. at 747-49.

**2.** The district court did not clearly err in finding that Shotwell's four timely mail interference claims against Chavez-Epperson were unexhausted. *See*

3

*Jackson*, 870 F.3d at 932 ("The PLRA requires that a prisoner challenging prison conditions exhaust available administrative remedies before filing suit. . . .") (citations and internal quotation marks omitted).  Defendants produced unrefuted evidence that Shotwell either failed to file timely grievances or failed to complete the grievance process.  Thus, we affirm the district court's order granting summary judgment in favor of Chavez-Epperson for failure to exhaust.  *See Draper v. Rosario*, 836 F.3d 1072, 1079 (9th Cir. 2016) (noting that "the proper procedure for raising non-exhaustion is by moving for summary judgment") (citations omitted).

**3.**     The district court did not err in finding that Shotwell failed to raise a genuine issue of material fact regarding whether Medina rejected Shotwell's grievances in retaliation for Shotwell filing prior grievances.  Thus, entry of summary judgment in favor of Medina was warranted.  *See Damiano v. Grants Pass Sch. Dist. No. 7*, 140 F.4th 1117, 1136 (9th Cir. 2025).[1]

---

[1] Shotwell also argues that the district court erred by not ruling on exhaustion as to Shotwell's claims against Medina, and that *Sheltra v. Christensen*, 124 F.4th 1195 (9th Cir. 2024) requires reversal.  The district court did not address exhaustion because Medina was "entitled to summary judgment on the merits of [Shotwell's] retaliation claims."  *See Perttu v. Richards*, 605 U.S. 460, 469 (2025) (explaining that "a district court is allowed to dismiss plainly meritless claims without first addressing . . . exhaustion") (citation, alteration, and internal quotation marks omitted).  *Sheltra* is inapplicable because it merely reiterated the "continuing-violations doctrine."  124 F.4th at 1203.

4

**4.** The district court did not err in granting summary judgment in favor of Garcia and Smith.[2] *See id.* Shotwell's claims against Garcia and Smith stemmed from searches of his cell in October 2010 and April 2011. These claims accrued prior to June 16, 2011, and are therefore untimely. *See Maldonado*, 370 F.3d at 954;[3] *see also Wilkins v. United States*, 163 F.4th 636, 647 (9th Cir. 2025) (affirming an order granting summary judgment for untimely claims).

**AFFIRMED.**

---

[2] Defendant Florez was never served and the claims against him were dismissed under Rule 4(m) of the Federal Rules of Civil Procedure.

[3] Shotwell also contends that the district court abused its discretion in denying his motion to appoint counsel. However, as the district court noted, Shotwell "has shown from his filings that he is more than capable of prosecuting this case on his own." *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014).